UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Scott H. Kaliko (SK 1163)
Kaliko & Associates, LLC
883 Hilltop Terrace
Franklin Lakes, NJ  07417
Tel:     201-739-5555
Fax:     201-644-0039

Attorneys for Plaintiff
Lightwertz Global Inc.

---

LIGHTWERKZ GLOBAL, INC.

        Plaintiff,

    v.

LIGHTWERKZ OFF-ROAD, LLC.;

and

ABC CORPS 1-10.

        Defendants.

Case No.:

**COMPLAINT FOR TRADEMARK INFRINGMENT, DILOUTION, COUNTERFITTING, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTING, UNFAIR COMPETITION, UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

---

The Lightwertz Global Inc., demands a jury trial and complains against the Lightwerkz Off-Road as follows:

**NATURE OF THE ACTION**

1.      This is an action for trademark, trade dress infringement, and counterfeiting under the Lanham Act (15 U.S.C. §§1114, 1116, 1117, 1125(a) and (c)); unfair competition under N.J.S.A. §56:4-1 et seq., trademark infringement under the common law of New Jersey, and unjust enrichment under the common law of New Jersey.

## PARTIES

2. The Lightwerkz Global Inc. (hereinafter referred to as "LGI" or Plaintiff"), is corporation organized and existing under the laws of the State of New Jersey having a principal place of business located at 40 Edison Ave, Suite C, Oakland, NJ 07436

3. Lightwerkz Off-Road (hereinafter referred to as "LOR"), upon information and belief is Michigan Limited Liability Corporation having its principal place of business at 29248 Lyon Oaks Drive, Wixom MI 48393. LOR is a company that principally engages in the sale of automotive lighting and other products and sells, and/or imports into the Unites States such consumer products in this judicial district. *See* Exhibit "A"

4. ABC Corps 1-10 are upon information and belief are retailers that sell and/or import into the United Sates automotive lighting consumer products in this judicial district.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under including 15 U.S.C. §1114 *et seq.*, and 28 U.S.C. §§1331, 1338(a), and 1338(b).

6. This action also arises over the parties and subject matter of this action in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 26 U.S.C. § 1331 (actions arising under the laws of the United States), 218 U.S.C. § 1332(a) diversity of citizenship between the parties); § 1338(a) and (b) (actions arising under an Act of Congress relating to copyrights and trademarks). This Court as supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

7. Personal jurisdiction exists generally over each Defendant because each has sufficient minimum contacts with the forum as a result of business regularly conducted within the State of New Jersey.  Diversity Jurisdiction also exists over each of the parties.  Personal Jurisdiction also specifically exists over Defendant because of, at least, Defendant's distribution network wherein Defendant placed instrumentalities that use the registered trademarks owned by the Plaintiff, within the stream of commerce, which stream is directed at this district, and by committing the tort of trademark infringement, dilution, false designation, and unfair competition within the District of New Jersey

8. Venue is proper in this Court under 28 U.S.C. §§ 1391 as well as 28 U.S.C. § 1400(b).

## LGI'S TRADEMARK

9. LGI is the owner of United States Federal Trademark Registrations 5,080,899 (LGI Mark) (Exhibits "B").

10. LGI has expended substantial time, money and other resources developing, advertising, and otherwise promoting the LGI Mark.  Thus, products bearing the LGI Mark are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from the LGI.

## DEFENDANTS' ACTS OF INFRINGMENYT AND UNFAIR COMPETITION

11. Upon information and belief, Defendant has been and/or is currently engaged in advertising, promoting, distributing, selling and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the LGI's Mark. *See* Exhibit *"C"*.

12. Beginning on or about January 10, 2016 and on several occasions through July 2016, there have been several instances of actual confusion between LOR and LGI. See Exhibit "D".

13. On or about March 2, 2016, LOR became aware of the actual and likelihood of confusion between my Client's registered trademark and LOR's use of the LGI Mark when LGI contacted LOR via electronic mail explaining the actual confusion between the two marks.

14. On or about March 10, 2016, Mr. Dennis Knight, an individual who purported to be a manager at LOR contacted LGI in response to the March 2, 2016 communication.

15. Mr. Knight stated that he would contact the owner of LOR and inform him of LGI's demand for LOR discontinue use of LGI's registered trademark.

16. To date, LGI has not received any response from LOR and LOR continues to use my Client's registered trademark in an infringing manner.

17. LOR has no license, authority or other permission from LGI to use LGI's Mark in connection with the advertising, promoting, distributing, selling, and/or offering for sale of the automotive lighting products.

18. LOR is and has been engaging in the above-described illegal infringing activities knowingly and intentionally, or with reckless disregard or willful blindness to LGI's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the LGI's Marks and LGI's products.

19. LOR's activities, as described above, has caused actual confusion and is likely to continue to create a false impression, or to deceive consumers, the public, and the trade into believing, that there is a connection or association between LOR and LGI.

20.     LGI has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

# COUNT I

## (TRADEMARK COUNTERFEITING, 15 U.S.C. §1114)

. 21.     LGI repeats and realleges the allegations set forth in paragraphs 1 through 20 as if set forth at length herein.

22.     LOR, without authorization from LGI, have used and/or are continuing to use counterfeit marks or spurious designations that are identical to, or substantially indistinguishable from, LGI's Mark.

23.     The foregoing acts of LOR are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that defendants' products are genuine or authorized products of LGI.

24.     LOR has acted with actual or constructive knowledge of LGI's ownership of the LGI's Mark and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill inherent in the LGI Mark.

25.     LOR acts constitute trademark counterfeiting in violation of Section 32 of the Lanham act (15 U.S.C. § 1114).

26.     LOR has made and/or will continue to make substantial profits and gains to which they are not in law or equity entitled.

27.     LOR acts have damaged and will continue to damage LGI, and LGI has no adequate remedy at law.

## COUNT II

**(TRADEMARK INFRINGMENT, 15 U.S.C. § 1114)**

28.  LGI repeats and realleges the allegations set forth in paragraphs 1 through 27 as if set forth at length herein.

29.  LOR, without authorization from LGI, have used and/or are continuing to use spurious designations that are confusingly similar to the LGI's Mark.

30.  The foregoing acts of LOR are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether defendants' products originate from, or are affiliated with, sponsored by, or endorsed by LGI.

31.  LOR has acted with knowledge or constructive knowledge of LGI's ownership of the LGI's Mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

32.  LOR's acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 114).

33.  LOR has made and/or will continue to make substantial profits and gains to which they are not in law or equity entitled.

34.  LOR acts have damaged and will continue to damage LGI and LGI has not adequate remedy at law.

## COUNT III

**(FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTING, 15 USC § 1125(a))**

35.  LGI repeats and realleges the allegations set forth in paragraphs 1 through 34 as if set forth at length herein.

36. LOR's promotion, advertising, distribution, sale and/or offering for sale of the products bearing LGI's Mark, has, is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the LOR with LGI, or has, is intended, or is likely to cause such parties to believe in error that the LOR's products have been authorized, sponsored, approved, endorsed or licensed by LGI or that LOR is in some way affiliated with LGI.

37. The foregoing acts of LOR constitute false designation of origin or false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanahm Act (15 U.S.C. § 1125(a)).

38. LOR has made and/or will continue to make substantial profits and gains to which they are not in law or equity entitled.

39. LOR's acts have damaged and will continue to damage LGI, and LGI has no adequate remedy at law.

## COUNT IV

### (TRADEMARK DILUTION, 15 USC § 1125(c))

40. LGI repeats and realleges the allegations set for the in paragraphs 1 through 39 as if set forth at length herein.

41. LGI Mark is a strong and distinctive trademark that has been in use for many years and has achieved widespread public recognition in its channels of trade.

42. The LGI's Mark is famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

Lightwerkz Global Inc. V. LighWerkz Off-Road, LLC ET AL.

43. LOR's use of the LGI's Mark, without authorization from LGI, has and/or is diluting the distinctive quality of the LGI's Mark and decreasing the capacity of such marks to identify and distinguish LGI's products.

44. LOR has intentionally and willfully or with reckless disregard or willful blindness diluted the distinctive quality of the famous LGI Marks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

45. LOR has made and/or will continue to make substantial profits and gains to which they are not in law or equity entitled.

46. LOR's acts have damaged and will continue to damage LGI, and LGI has no adequate remedy at law.

## COUNT V

### (UNFAIR COMPETITION N.J.S.A. § 56:4-1 *et seq.*)

47. LGI repeats and realleges the allegations set forth in paragraphs 1 through 46 as if set forth at length herein.

48. The foregoing acts of LOR constitute unfair competition in violation of N.J.S.A. § 56:4-1.

49. LOR has made and/or will continue to make substantial profits and gains to which they are not in law or equity entitled.

50. LOR are liable to Plaintiff for all damages, whether direct or indirect, for the misappropriation of Plaintiffs' name, brand, trademark, reputation and goodwill, which damages are subject to trebling.

51. LOR's acts have damaged and will continue to damage LGI, and LGI has no adequate remedy at law.

## COUNT VI

**(COMMON LAW TRADEMARK INFRINGMENT)**

52. LGI repeats the allegations as set forth in paragraphs 1 through 51 as if set forth in length herein.

53. LGI owns all rights, title, and interest in and to the LGI's Marks, including all common-law rights in such marks.

54. LOR, without authorization from LGI, have used and are continuing to use spurious designations that are substantially identical to, or substantially indistinguishable from, the LGI's Marks.

55. The foregoing acts of LOR are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' products originate from, or are affiliated with, sponsored by, or endorsed by LGI.

56. LOR has acted with knowledge or constructive knowledge of LGI's ownership of the LGI's Mark and with deliberative intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

57. LOR's acts constitute trademark infringement in violation of the common law of the State of New Jersey.

58. LOR has made and/or will continue to make substantial profits and gains to which they are not in law or equity entitled.

59. LOR's acts have damaged and will continue to damage LGI, and LGI has no adequate remedy at law.

# COUNT X

## (UNJUST ENRICHMENT)

60. LGI repeats and realleges the allegations set forth in paragraphs 1 through 59 as set forth at length herein.

62. The acts complained of above constitute LOR's unjust enrichment at LGI's expense, in violation of the common law of the State of New Jersey.

## PRAYER FOR RELIEF

**WHEREFORE**, LGI respectfully requests that this Court enter judgment against Defendants as follows:

A. Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have engaged in unfair competition in violation of N.J.S.A. § 56:4-1 et seq.; (iii) Defendants have engaged in trademark infringement in violation of New Jersey common law; and (iv) Defendants have been unjustly enriched in violation of New Jersey common law;

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, N.J.S.A. § 56:3-13.16(d) and N.J.S.A. § 56:4-2, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entitles in active concert participation with them from:

1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the LGI's Trademarks, the LGI's Trade Dresses, or any other mark or design elements substantially similar or confusing

thereto, including, without limitation, the automotive lighting products, and engaging in any other activity constituting and infringement of any of LGI's rights in the LGI's Marks;

    2. engaging in any other activity constituting unfair competition with LGI or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with LGI; and

    3. engaging in any other activity that will cause the distinctiveness of the LGI's Trademarks and/or LGI's Trade Dresses to be diluted;

  C. Requiring Defendants to recall from any distributors and retailers and to deliver to LGI for destruction or other disposition all remaining inventory of all automotive lighting, including all advertisements, promotional and marketing materials therefore, as well as the means of making same;

  D. Requiring Defendants to file with this Court and to serve on LGI within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

  E. Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants has been authorized by LGI, or is related in any way with LGI and/or its products;

  F. Awarding LGI statutory damages of $2,0000,000 per use of the willful counterfeit mark in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to LGI all profits realized by their wrongful acts, and also awarding LGI its actual damages, and directing that such profits or actual damages be

trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) and N.J.S.A. §§ 56:3-13.16(d) and 56:4-2;

G. Awarding LGI punitive damages to which it is entitled under applicable federal or state laws;

H. Awarding LGI its costs, attorney's fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and N.J.S.A. § 56:3-13.16(d);

I. Awarding LGI pre-judgment interest on any monetary award made part of the judgment against Defendants; and

J. Awarding LGI such additional and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff, LGI, demands a trial by jury of all issues property triable by jury in this action.

By: s/ Scott H Kaliko /
Scott H. Kaliko (SK1163)
Kaliko & Associates, LLC
883 Hilltop Terrace
Franklin Lakes, NJ 07417
skaliko@kalikolaw.com
Tel: 201-739-5555
Fax: 201-644-0039
Attorneys for The LGI Company

Dated: December 6, 2016
    Franklin Lakes, NJ